TRULINCS 06782509 - WEISS, LEE D - Unit: PEN-A-A

--------------------------------------------------------------------------------

FROM: 06782509
TO:
SUBJECT: Reply to Government's Opposition
DATE: 05/29/2024 03:27:02 PM

In the United States District Court
For the Eastern District of Pennsylvania

United States of America

v.                                              Case No.: 20cr00163-001

Lee Weiss,
Petitioner

B"h



Petitioner's Reply to Government's Opposition to the Petitioner's Pro Se Motion

Comes now, Lee D. Weiss, as pro se Petitioner, pursuant to the applicable rules of the Federal Rules of Criminal Procedure and applicable case law thereon, and hereby files his Reply to the Government's Opposition to the Defendant's Pro Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) and Amendment 821 as follows:

1. As requested in the Petitioner's Pro Se Motion for Reduction of Sentence Pursuant to First Step Act Amendment 2 Point Reduction (referred to as the "Motion") as well as the Government's Opposition to the Defendant's Pro Se Motion (referred to as the "Response"), the parties are in agreement that the Petitioner is eligible for the relief pursuant to the applicable statutes and amendments.

2. Based upon the agreed statutory application of the retroactive amendment, the remaining determination for this Honorable Court is to to determine the modification, if any, that would be appropriate on the currently imposed term of imprisonment being served by the Petitioner.  18 U.S.C. Section 3582(c).

3. However, the parties have varying viewpoints of the case background and the Petitioner appreciates the opportunity to clarify some of those purported factual assertions by the government to provide an accurate description of those events for the court to more fully understand the Petitioner's position and application of the factors outlined in 18 U.S.C. 3553(a).

4. While the Petitioner remains remorseful and regretful for the underlying events forming the basis of this prosecution, courts have clearly considered evidence of rehabilitation that have developed since the initial sentencing.  See, e.g., Pepper v. United States, 562 U.S. 476 (2011).  In turn, this Honorable Court should likewise do so in this instant matter.

5. Rather than the improper characterization of the Petitioner, this Honorable Court may take note of the many accomplishments, activities, roles and other involvement the Petitioner has achieved during his incarceration and post-sentencing as set forth in the Motion which is likewise incorporated herein.  For a better understanding of the meaning of that involvement, the Petitioner would further explain as examples thereby that his position as head commissary employee, religious leader, and tool room manager.  All of these positions and assignments require significant trust and confidence in the inmate's integrity, responsibility and work ethic. As a religious leader, FPC Pensacola relies upon the Petitioner to provide constitutionally mandated religious meals for the prison's diverse population.  Furthermore, the commissary and tool room positions both required SIS security clearance and background check.

6. Contrary to the slanted background asserted by the government, the Petitioner's career as an investment professional spanned more than 25 years with great success and appreciation by countless clients.  The Petitioner had been employed by Merrill Lynch since 1992 through 2003 and managed several business including the private banking business in New York City.  Subsequently, the Petitioner worked for Fidelity Investments from 2003 through 2007 and created and managed their family office investment business.  In 2008, the Petitioner began with a partner Family Endowment Partners,LLC with a strategy to model the investment profile of large U.S. endowments.  This profile included diversification across twelve (12) different asset classes, utilizing both liquid and illiquid investments.

7. From 2015 through 2022, the Petitioner had created, operated and managed six (6) substance abuse inpatient treatment facilities catering to the Medicaid and homeless population in New York City and Newark, New Jersey.  These centers collectively treated more than 10,000 patients each year.  The Petitioner's role was as the Chief Executive Officer of four (4) of the centers as well as a senior counselor.  The centers employed more than 1,400 employees of which at least twenty percent

TRULINCS 06782509 - WEISS, LEE D - Unit: PEN-A-A

-----------------------------------------------------------------------------------------

online Jewish learning community, and continue to treat Medicaid patients with Substance Use Disorder and Co-Occurring conditions.

18. The case law offered by the government in its Response regarding the court's discretion in reviewing the Section 3553(a) factors are clearly distinguishable from this instant matter. Those cases reference the review of criminal history and demonstration of violence and danger of the defendant which are not evident here as supported by the Petitioner's Motion. Many cases support the Petitioner's position with similar factual scenarios including U.S. v. Petrone, 2024 U.S. Dist. Lexis 72192 (U.S. Conn. 2024), with that defendant's involvement in fraudulent conduct concerning significant sums (more than $40 million) and the presiding judge granted the sentence reduction. Furthermore, other similar defendants exhibiting no violent crime, no prior criminal history and no disciplinary issues have been granted sentence reductions throughout the country. See, e.g., U.S. v. Morales, 2023 U.S. Dist. Lexis 188888 (1st Cir. 2023)(sentence reduced to time served for defendant at prison camp); U.S. v. Bame, 2023 U.S. Dist. Lexis 180109 (9th Cir. 2023)(motion granted for defendant who had participated in activities to better self, good work reviews and no disciplinary issues); and U.S. v. Kincaid, 2023 U.S. Dist. Lexis 226707 (4th Cir. 2023)(motion for sentence reduction granted for defendant).

19. The Petitioner's intention was not necessarily to proceed with this Pro Se motion. The Petitioner's request for a public defender from this Honorable Court was denied without prejudice with the understanding that if the Petitioner was deemed eligible for the reduction, the Federal Community Defender Office, as stated in the standing Administrative order, would be automatically assigned. The Federal Community Defender Office decided that even though the Petitioner was eligible that other office priorities took precedence and requested that the Petitioner file his motion Pro Se.

20. As addressed hereinabove and as more fully set forth in the prior Motion, the Section 3553(a) factors for this Honorable Court's consideration clearly illustrate the Petitioner's eligibility and qualification for the sentence reduction. As such, this Honorable Court should grant the Petitioner's request.

TRULINCS 06782509 - WEISS, LEE D - Unit: PEN-A-A

----------------------------------------------------------------------------------

FROM: 06782509
TO:
SUBJECT: Response to Government's Opposition
DATE: 05/29/2024 05:25:00 PM

21. In accordance with the Administrative Order dated November 8, 2023, issued by the Chief United States District Court Judge Juan R. Sanchez, the Petitioner is considered a "zero-point offender" and, as such, should be entitled to the sentencing reduction by two offense levels guideline range. In that regard, the Federal Community Defender Office for the Eastern District of Pennsylvania has determined that a sentence reduction would be appropriate and the government seemingly as well, but with the remaining question to be answered by how many months the Petitioner's sentence would be reduced.

22. If one was to examine the sentencing guidelines levels, and if sentenced in the same range within that level, a two level reduction actually equates to a twenty percent (20%) reduction in the number of months in each of those levels. For example, 60 months is in the middle of the 57 to 71 months sentence range at level 25 and 48 months is in the middle of the 46 to 57 months sentence range at level 23.

23. As previously submitted, this application and motion are supported by the sentencing chart indicating the original guidelines calculation and sentenced imposed at level 25 which should be reduced by two offense levels guideline rate. That additional two-level reduction lowers the sentencing guidelines to level 23 with a sentencing range of 46 to 57 months. in the Petitioner's Pro Se Motion for Reduction of Sentence Pursuant to First Step Amendment 2 Point Reduction, the Petitioner submitted that the amended offense level in the amended sentencing range would provide the legal and factual basis for a recommended amended sentence of 48 months.

Certification of Service

I hereby certify that a copy of this Reply to the Government's Opposition has been mailed on this 29th day of May, 2024 by U.S. mail to the Clerk of the Court and the United States Attorney, 615 Chestnut Street Suite 1250, Philadelphia, PA 19106-4476. I hereby certify this as true and accurate.

*[signature]*

Lee D. Weiss

